**FILED**
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO
FOR THE DISTRICT OF NEW MEXICO

FEB 1 4 2003

DAVID JAY HESS,

        Plaintiff,

v.                                No. CIV-02-1050 WPJ/LFG

JOHN D. ASCHRAFT [sic],
JIM ZIGLER,
LANE BLAIR, Warden C.C.A.,

        Defendants.

*CLERK*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). If Plaintiff fails to have the designated monthly payments sent to the Clerk by the designated deadlines or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee or monthly payments, the civil rights complaint may be dismissed. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff, apparently an INS detainee, alleges that he was transferred from El Paso, Texas, to a private detention center in New Mexico.  He claims this transfer was in breach of an agreement with the INS to return him to Virginia, where he has pending litigation.  He has been confined under inhumane conditions; held in segregation; and denied access to courts, other governmental entities, and outside medical and psychiatric treatment.  The complaint claims Defendants' actions have violated a number of Plaintiff's constitutional protections.  For relief, Plaintiff seeks appointment of counsel, compensatory damages, a hearing, use of a typewriter and copier, and copies of various agency directories.

Plaintiff's claims for denial of access to courts and other agencies requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents.  *Id.* at 350.  The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).  Here, Plaintiff only alleges that he cannot regularly contact various agencies.  Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on this claim.

Plaintiff's claim for denial of access to outside medical care will also be dismissed.  One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care.  *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980).  In a § 1983 action for damages or injunctive relief, "only

2

'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Furthermore, "[t]he prisoner's right is to medical care--not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend*, 398 F.2d 392, 393 (10th Cir. 1968). Plaintiff's Eighth Amendment right is to "access to medical personnel capable of evaluating the need for treatment." *Ramos*, 639 F.2d at 575. The Eighth Amendment does not give inmates the right to the physician of their choice; rather, "diagnostic techniques or forms of treatment" are matters for medical judgment and do not represent cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 107. Thus, the evaluation of Plaintiff's medical needs and the decision not to use outside medical personnel did not violate the Eighth Amendment, *see Quarterman v. Bort*, No. 99-8076, 2000 WL 223598, at **1 (10th Cir. 2000) (disagreement over treatment); *Moore v. Perrill*, No. 94-1377, 1995 WL 139407, at **1 (10th Cir. 1995) (denial of inmate's preferred diet), regardless of whether Plaintiff agrees with the medical treatment.

No relief is available on Plaintiff's remaining claims against Defendants Ashcraft [sic] and Zigler for segregation and inhumane conditions in New Mexico. Plaintiff makes no allegation of personal involvement by these Defendants in the alleged violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against an official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendants Ashcraft [sic] and Zigler will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

3

IT IS FURTHER ORDERED that Plaintiff will be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk will provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FINALLY ORDERED that Plaintiff's claims for denial of access to agencies and medical treatment are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Ashcraft [sic] and Zigler are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Blair on Plaintiff's claims of segregation and inhumane conditions.

UNITED STATES DISTRICT JUDGE

4